**Alvin KAPLAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16129.**

United States Court of Appeals
Fifth Circuit.

March 1, 1957.

Rehearing Denied April 22, 1957.

Jacob J. Amato, Gretna, La., for appellant.

M. Hepburn Many, New Orleans, La., Charles K. Rice, Asst. Atty. Gen., Fred G. Folsom, Atty. Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

PER CURIAM.

Convicted by a jury on the three counts of an indictment charging him with aiding and assisting in the preparation and presentation of false and fraudulent income tax returns, in violation of Sec. 7206(2) Title 26 U.S.C.A., and sentenced to imprisonment for one year on each count, the sentences to run concurrently,

defendant has appealed, presenting five questions.[1]

The first, second, and fourth together make up the question most urged and argued, that the defendant, though insisting upon conducting his own trial,[2] and conducting it through some 600 pages of testimony, did not have the capacity to understand the nature and seriousness of the charges against him and to properly conduct the trial, and that he should, therefore, have had counsel to assist him.

■ The other two claims, (1) of the denial of his request for a continuance of twenty days to prepare a defense and (2) of the failure of the court to hear defendant's motions, urging the unconstitutionality of the statute under which he was convicted, may be disposed of by saying that the record does not support them. The continuance sought was not for the purpose of preparing a defense. It was, as shown in the record, to consider a motion to be filed for hearing exceptions to criminal jurisdiction and to the indictment, and the record does not show any motion urging the unconstitutionality of the statute under which he was charged or that the court failed or refused to consider and determine all of the matters presented to him. Besides, neither the record nor appellant's brief, points out any prejudicial error in any action of the court, including his refusal to grant any of the defendant's motions. As the government's brief points out, the validity, scope, application, and effect of the statute have been determined adversely to appellant's contentions in cases cited by it, United States v. Borgis, 7 Cir., 182 F.2d 274 and United States v. Kelley, 2 Cir., 105 F.2d 912, and no cases holding to the contrary are cited by appellant.

■ We come then to his counsel's primary contention, that appellant was incompetent to waive the assistance of counsel and conduct his own case, to find that the question of mental competency of the defendant was decided in favor of his contention that he was competent, by the district judge on competent professional evidence offered by the defendant;[3] that the record is replete with evidence that defendant had had considerable acquaintance with and experience in regard to legal matters that throughout the long record he exhibited an understanding of the proceedings, a thoroughness in examination, and a pertinacity which belies the claim his counsel is

1. (1) The question of the mental capacity of the appellant to fully comprehend and understand the nature of the proceedings against him.

(2) The lack of knowledge on the part of the appellant as to the seriousness of the charge against him and the possible consequences or sentence that could be imposed if found guilty.

(3) The denial of the appellant's request for a continuance prior to trial in order to prepare a defense.

(4) The admission into evidence of certain inadmissible or objectionable evidence without any objection being made on the part of the appellant.

(5) The failure of the court to hear the motions filed by the appellant urging the unconstitutionality of the statute under which he was charged.

2. "The Court: Is the defendant ready?
    "Mr. Kaplan: The defendant is ready, your Honor.
    "The Court: And the court is advised that counsel appointed by the court is not representing the defendant, is that correct?

"Mr. Kaplan: I would like to have a trial by jury, and I represent myself. I would like to represent myself, and I have represented myself the last four years in this open court." (TR p. 17)

3. Prior to trial, on motion of the United States Attorney, a hearing was conducted before his Honor, the trial judge, to determine the mental competency of the appellant. Dr. Edmund Connely, a psychiatrist testified that he had examined the appellant in 1955 and that at that time he considered the appellant to be suffering from manic depression insanity, and that he further believed that the appellant was still in that state and could not stand trial.

Upon motion of the appellant, through his attorney, Carl Shumacker, the hearing was continued in order that the appellant could be examined by a psychiatrist of his choosing. Thereafter, the hearing was resumed, this psychiatrist testified categorically to defendant's mental competency and, the hearing ended, the trial judge ruled that the appellant was mentally able to stand trial.

now making that he was ignorant, inexperienced, and gullible, a lamb among wolves; and that the court therefore erred in permitting him, at his request, to conduct his own case.[4]

Throughout the trial, in the sentence imposed, and in the proceedings subsequent thereto, including his advising the defendant to appeal his case and authorizing his appeal in forma pauperis, the district judge evidenced patience and forbearance and a recognition of the defendant's age and frailties, together with solicitude of a rare order, to assure to the defendant every rightful protection. On this record, it is impossible for us to view the case, as defendant's counsel asks us to do, as one in which defendant had been denied due process or subjected in any way to a deprivation of his rights or suppose other than that the court will, under Rule 35 Federal Rules of Criminal Procedure, 18 U.S.C.A. "Correction or Reduction of Sentence", give careful consideration to a reduction of the sentence, including placing the defendant on probation.

No prejudicial error having been made to appear,[5] the judgment is affirmed.

4. Adams v. U. S. ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

5. United States v. Herskovitz, 2 Cir., 209 F.2d 881; United States v. Brewster, 2 Cir., 231 F.2d 213.